### (November 19, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK SHERMAN, Appellant.— Appeal by defendant, as limited by his brief, from so much of a sentence of the Supreme Court, Queens County, rendered January 12, 1972, as fined him $1,000, payable within 30 days, upon a conviction of petit larceny, on a plea of guilty. Sentence modified, on the law and in the interests of justice, by extending the time within which defendant must pay the fine to six months

after entry of the order to be made hereon. As so modified, sentence affirmed insofar as appealed from. In our opinion, the interests of justice will be adequately served if we extend the time in which defendant must pay the fine to six months, a period of time specifically requested by defendant's counsel at the time of sentencing. Shapiro, J. (dissenting). I dissent from the conclusion reached by my brethren in upholding the monetary fine imposed by the Justice at the Criminal Term because I believe that they have failed to heed the impact of CPL 420.10 (subd. 4, pars. [c], [d]) and the effect of the decision of the Supreme Court of the United State in *Tate* v. *Short* (401 U. S. 395). The appellant was sentenced to a probationary term of three years and fined $1,000. When the sentence was imposed his counsel informed the court, "Impossible, Your Honor. We haven't got that type of fine." The court replied, "I don't care what is impossible. The sentence is probation and a $1,000 fine," to which defense counsel replied, in part, "He has no such money. He has been out of work, Your Honor." The court ignored this comment. Later, in response to a request by defense counsel to allow his client a year to pay the fine, during which he reported his client was "not working now," the court said, "I will give you 30 days to pay the $1,000 fine. You have until February 14th." Thereafter defendant, *inter alia*, moved to set aside the fine and, in his supporting affidavit, stated that he was ill and out of work; that he was not qualified for unemployment insurance and had no funds and no income. The Criminal Term denied his motion and directed that the fine be paid before March 3, 1972. This court has stayed the implementation of the sentence pending the determination of this appeal. In *Tate* v. *Short* (401 U. S. 395, *supra*), the Supreme Court of the United States was faced with a petitioner who had accumulated fines of $425 on nine traffic convictions in the Corporation Court of Houston, Texas. He was unable to pay the fines because of indigency. Thereupon the Corporation Court, which otherwise had no jurisdiction to impose prison sentences, committed the petitioner to the municipal prison farm in accordance with the provisions of State law and a municipal ordinance which required that the petitioner remain there a sufficient time to satisfy the fines at the rate of $5 per day served. After being incarcerated for 21 days, with 64 days remaining to be served, the petitioner obtained release on bond by applying to a State court for a writ of habeas corpus based on his allegation of inability to pay the fine. The State court, at *nisi prius*, rejected his application and the Texas appellate court affirmed that action, holding that the statute and ordinance under which he had been incarcerated were not unconstitutional even when applied to an indigent. The Supreme Court accepted the case for review and reversed and found for the petitioner on the authority of *Williams* v. *Illinois* (399 U. S. 235), saying (*id.*, pp. 397–398) : "Although the instant case involves offenses punishable by fines only, petitioner's imprisonment for nonpayment constitutes precisely the same unconstitutional discrimination since, like Williams, petitioner was subjected to imprisonment solely because of his indigency." In *Williams* (*supra*), decided before *Tate* (*supra*), the Supreme Court struck down, as a denial of equal protection of the laws, the confinement of the appellant, Williams, for an additional 101 days past the one-year maximum sentence of imprisonment which had been imposed on him after his conviction of petty theft. The 101 days were imposed under a statute which provided that, when one convicted of crime defaults on payment of a fine and costs at the end of his sentence, he should remain in jail to "work off" the monetary obligation at the rate of $5 a day. Williams, in addition to the sentence of imprisonment, was also fined $500 and court costs of $5. He was convicted on August 16, 1967. On November 29, 1967, while still in prison and alleging that he was indigent, he petitioned the

sentencing Judge to vacate the portion of his order requiring him to "work out" the fine and court costs. The sentencing Judge dismissed the petition *as premature* on the ground that Williams might be able to pay the fine by the time his original one-year sentence would come to an end. On appeal, the Illinois Supreme Court rejected the suggestion that the petition was premature and *on the merits* held that "' there is no denial of equal protection of the law when an indigent defendant is imprisoned to satisfy payment of the fine '" (*Williams* v. *Illinois, supra,* p. 238). The Supreme Court of the United States vacated the Illinois judgment, saying (*id.,* p. 242), "Here the Illinois statute as applied to Williams works an invidious discrimination solely because he is unable to pay the fine. On its face the statute extends to all defendants an apparently equal opportunity for limiting confinement to the statutory maximum simply by satisfying a money judgment. In fact, this is an illusory choice for Williams or any indigent who, by definition, is without funds. Since only a convicted person with access to funds can avoid the increased imprisonment, the Illinois statute in operative effect exposes only indigents to the risk of imprisonment beyond the statutory maximum. By making the maximum confinement contingent upon one's ability to pay, the State has visited different consequences on two categories of persons since the result is to make incarceration in excess of the statutory maximum applicable only to those without the requisite resources to satisfy the money portion of the judgment." Our own Court of Appeals in 1966, in *People* v. *Saffore* (18 N Y 2d 101, 104), took a substantially similar position, saying, "We do not hold illegal every judgment which condemns a defendant to confinement if he does not pay his fine. We do hold that, when payment of a fine is impossible and known by the court to be impossible, imprisonment to work out the fine, if it results in a total imprisonment of more than a year for a misdemeanor, is unauthorized by the Code of Criminal Procedure and violates the defendant's right to equal protection of the law, and the constitutional ban against excessive fines." CPL 420.10, so far as here applicable, provides: "4. Application for resentence. In any case where the defendant is unable to pay a fine imposed by the court, he may at any time apply to the court for resentence. In such case, if the court is satisfied that the defendant is unable to pay the fine, it must: * * * (c) Where the sentence consists of probation or imprisonment and a fine, revoke the portion of the sentence imposing the fine; or (d) Revoke the entire sentence imposed and resentence the defendant. Upon such resentence the court may impose any sentence it originally could have imposed, except that the amount of any fine imposed may not be in excess of the amount the defendant is able to pay."* These statutory provisions

---

* The Practice Commentary on this subdivision of section 420.10 in McKinney's Consolidated Laws of New York (Book 11A, CPL 330–499, p. 165) states: "Subdivision 4 permits the defendant to apply for resentence where he is unable to pay a fine imposed by the court. This provision goes further than the restriction laid down by the Court of Appeals in People v. Saffore, and the Supreme Court in Williams v. Illinois, *supra,* because those holdings are limited to cases where the term of imprisonment plus the period imposed for nonpayment of a fine exceeds the authorized maximum term of imprisonment. Subdivision 4 applies to any case where the defendant is unable to pay the fine. The merit of subdivision 4 is that it provides a method for reconsidering the entire sentence in the light of the fact that the defendant is unable to pay the fine. Upon such review the court might substitute a sentence of conditional or unconditional discharge, or impose a term of imprisonment as a substitute sanction. After enactment of the CPL the United States Supreme Court handed down another decision further restricting the power to jail persons for nonpayment of a fine.

mitigate the rigors of subdivision 2 of the same section, which authorizes the court to provide that if the defendant fails to pay a fine as directed he may be imprisoned until the fine is satisfied. The Criminal Term, when it declared it did not care whether it was impossible for the defendant to pay the fine, acted in disregard of the command of CPL 420.10 (subd. 4) and the ruling in *Tate* (*supra*). Furthermore, when the defendant subsequently moved to be relieved of the fine the court should not have denied him relief without holding a hearing to ascertain the truthfulness of his claim and making a determination of how much, if any, of the fine he could pay. Thus, the sentence should be reversed insofar as appealed from and the case should be remanded to the Criminal Term, with directions to hold a hearing in accordance with the views above expressed and to render an amended sentence appropriate to his determination of the facts after such hearing. Hopkins, Acting P. J., Latham, Christ and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse the sentence insofar as appealed from and to remand the case to the Criminal Term for a hearing and an amended sentence, with an opinion. Sentence modified, etc.

---

(Tate v. Short, 1971, 401 U. S. 395, 91 S. Ct. 668, 28 L. Ed. 2d 130). The Court held that it is a violation of the Equal Protection Clause of the Fourteenth Amendment to imprison an indigent for failing to make immediate payment of a fine, even in a case where the only sentence permitted is a fine. This will not require any change in New York procedure as subdivision 4 of CPL section 420.10 already prohibits imprisonment of an indigent for failure to pay a fine. In fact, subdivision 4 imposes a greater restriction than the opinion in Tate v. Short, *supra*, because in *Tate* the Court limited its holding to cases where the indigent does not make *immediate* payment and did not preclude imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fine." I express no opinion as to the constitutionality of that portion of subdivsion (d) which upon resentence permits the court to "impose any sentence it originally could have imposed" if the resentence is in fact more onerous than the original sentence.