OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed on the law and matter remanded for further proceedings consistent with the opinion of this court.
On October 8, 1982, defendant pleaded guilty to menacing and was sentenced to a conditional discharge and a fine of $250 or 90 days in jail. On November 12, 1982, defen *1021 dant pleaded guilty to disorderly conduct and was sentenced to a conditional discharge and a fine of $100 or 10 days in jail. As a result of defendant’s failure to pay the fines, he was rearrested and brought before the court. Counsel for defendant requested that defendant be resentenced because he was unable to pay the fines due to indigency. The court, without inquiry, sentenced defendant to concurrent terms of 90 days and 10 days.
The Supreme Court has held that a State cannot impose a fine and then automatically convert it into a jail term solely because defendant is indigent and cannot forthwith pay the fine in full (Tate v Short, 401 US 395; Williams v Illinois, 399 US 235). More recently, in Bearden v Georgia (461 US 660,103 S Ct 2065), in considering the imposition of a prison sentence upon the revocation of a probationary term for failure of defendant to pay a required fine and restitution, the court held (pp_-_, pp 2072-2073):
“in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State’s interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment ***
“By sentencing petitioner to imprisonment simply because he could not pay the fine, without considering the reasons for the inability to pay or the propriety of reducing the fine or extending the time for payments or making alternative orders, the court automatically turned a fine into a prison sentence.”
*1022 It is evident from the foregoing holdings that the sentencing procedure in the case at bar was improper. When defendant moves for resentencing upon a claimed inability to pay the fines imposed, it is mandatory for the court to hold an evidentiary hearing to ascertain the validity of the claim (Bearden v Georgia, supra, p_, p 2073; People v Sherman, 35 NY2d 931, revg 43 AD2d 575 on dissenting opn of Shapiro, J.; People v McArdle, 70 AD2d 600; People v Ingham, 115 Misc 2d 64).
If the court, upon such hearing, finds that defendant willfully refused to pay or failed to make sufficient efforts to legally acquire the resources to pay, the court may resentence a defendant to imprisonment within the authorized range of its sentencing authority (CPL 420.10, subd 3; People v McArdle, 55 NY2d 639). However, if it be found that defendant is unable to pay the fine despite good-faith efforts to do so, the court may not automatically convert the fine into a prison sentence. Inasmuch as the initial decision to impose a fine or supervisory sentence indicates a determination that neither the public interest nor the ends of justice would be served by imprisonment, the sole fact of defendant’s indigency may not subject him to imprisonment. The sentencing court must consider alternative measures of punishment other than imprisonment. Only if it be determined on the record that the alternatives to imprisonment are inadequate, under the particular circumstances of the case, to meet the State’s interest in punishment and deterrence may an indigent defendant be imprisoned.
The question remains whether, within the context of the Supreme Court holdings, CPL 420.10 (subd 4, par [d]) is unconstitutional inasmuch as it permits incarceration of a defendant who is financially unable to pay a fine. It must be remembered that while the possible justification for imprisonment as a collection device no longer exists where defendant is indigent (see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 420.10, p 290), there is no blanket proscription against resentencing an indigent, after his inability to pay becomes manifest, to imprisonment as an alternative mode of punishment and not for failure to pay the fine (see People v *1023 DeJesus, NYLJ, April 13, 1983, p 13, col 6 [App Term, 2d Dept]). A different interpretation would enable an indigent to avoid both the fine and imprisonment whereas other defendants must always suffer one or the other penalty (Williams v Illinois, supra, p 244). Bearden (461 US 660, supra) merely requires that before an indigent, who fails to pay a fine, may be resentenced to imprisonment as punishment for the crime, all other available alternative dispositions must be considered and rejected by the sentencing court as insufficient to satisfy the penological interests of the State. Therefore, inasmuch as CPL 420.10 (subd 4) permits the court to consider all available sentencing alternatives and does not mandate imprisonment, the section, as construed within the limits set by Bearden, cannot be deemed unconstitutional.
Farley, P. J., Slifkin and Geiler, JJ., concur.