**Dawn FAHLE, Plaintiff,**

v.

**Stephen BRASLOW, individually and as Town Attorney of the Town of Babylon, New York, and Babylon, New York, Defendants.**

**No. CV 93–2476(ADS).**

United States District Court,
E.D. New York.

Jan. 29, 1996.

Dawn Fahle, Deer Park, New York, Plaintiff Pro Se.

Martin, Fallon & Mulle, Huntington, New York, for Defendants (Richard C. Mulle, of counsel).

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This lawsuit arises from the defendants' alleged violation of the plaintiffs civil rights. The plaintiff, Dawn Fahle, ("Fahle" or the "plaintiff"), seeks to hold liable the Town Attorney of the Town of Babylon, Stephen Braslow, ("Braslow" or the "Town Attorney") and the Town of Babylon (the "Town," collectively the "defendants") for her allegedly unlawful incarceration based on her failure to pay $1,500 in fines. The fines resulted from her violation of a local ordinance. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that her incarceration abridged her due process and equal protection rights in violation of the Fourth, Fifth and Fourteenth Amendments. The defendants move for summary judgment in their favor pursuant to Fed.R.Civ.P. 56 contending that there are no issues of material fact and that they are entitled to judgment as a matter of law.

### I. Background

The plaintiff is a resident of Suffolk County, New York. The defendant Stephen Braslow, is named in both his individual and official capacities as the Town Attorney for the Town of Babylon. The Town of Babylon is a municipal corporation located in Suffolk County, New York.

On December 21, 1987, the plaintiff was convicted after a non jury trial in the District Court, Suffolk County (Floyd, J.) of two violations of Babylon Town Code Article 3 Local Law 7 ("Local Law 7") relating to barking and harboring and maintaining an excessive number of dogs. According to Fahle's deposition testimony, she was sentenced to two

fines of $50 or fifteen days in jail and two fines of $750 or fifteen days in jail.

In May 1989, the plaintiff moved to North Carolina with her dogs, causing her to miss a previously scheduled court appearance regarding the unpaid fines. As a result a warrant was issued for her arrest in June 1989. In December 1991, attorney Charles Cancellere appeared in the Suffolk County District Court on behalf of the plaintiff to have the warrant vacated so that she could return to New York.

The plaintiff returned to New York on January 8, 1992 and appeared in the District Court (Ohlig, J.) where she was granted an extension of time to pay the fines based on her indigence. Subsequently, Fahle appeared in the district court on six more occasions and obtained similar extensions.

On January 22, 1992, the plaintiff appeared and paid the $50 fines leaving the two $750 fines outstanding. On February 11, 1992, the district court denied the plaintiff's motion for resentencing and/or a payment schedule. On March 11, 1992, the District Court Judge sentenced the plaintiff to fifteen days' incarceration.

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that her constitutional due process and equal protection rights were violated by the Town of Babylon and the Town Attorney as a result of her imprisonment. The gravamen of her claim is that the defendants are liable for her allegedly unlawful incarceration in that the Assistant Town Attorney assigned to the case strongly advocating imprisonment in violation of well established law precluding such a sentence.

In support of her position, Fahle contends that the Town Attorney, in his capacity as a "de facto assistant district attorney[ ]" took a position inconsistent with well settled law, as made known to the parties during a hearing before the District Court (Mitchell, J.) over four years earlier on November 2, 1987. At that hearing, Suffolk County District Judge Mitchell advised the parties that a violation of Local Law 7 does not carry a sentence of imprisonment.

The plaintiff asserts therefore that the defendants' position at the March 11, 1992 hearing, permitting the Assistant Town Attorney to advocate a prison sentence, demonstrated a failure to train and discipline its employees, and communicated an "approval of deliberate indifference to the Constitutional rights of citizens by condoning blatant violations thereof." The plaintiff further supports her position stating that she was advised by Braslow at some point, although it is not clear when, that he would arrange for the pending matters to be "disposed of" by having the fines vacated as she was moving to another state. However, Braslow never took any such action and did not prevent her incarceration. Accordingly, the plaintiff contends that the defendants should be held liable for violating the plaintiff's civil rights. Fahle also asserts a state law claim alleging that the Town Attorney was negligent in training his subordinates.

The defendants move for summary judgment in their favor pursuant to Fed.R.Civ.P. 56.

## II. Discussion

### A. Summary Judgment Standard

A court may grant summary judgment "only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact," *Terminate Control Corporation v. Horowitz,* 28 F.3d 1335, 1352 (2d Cir.1994) (quoting *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2d Cir.1990)), and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also* Fed.R.Civ.P. 56(c). The Court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Institute for Shipboard Education v. Cigna Worldwide Insurance Co.,* 22 F.3d 414, 418 (2d Cir.1994); *Twin Laboratories, Inc. v. Weider Health & Fitness,* 900 F.2d 566, 568 (2d Cir.1990).

Once a party moves for summary judgment, in order to avoid the granting of

the motion, the non-movant must come forward with specific facts showing that a genuine issue for trial exists. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (quoting Fed.R.Civ.P. 56(e)); *National Union Fire Ins. Co. v. Turtur*, 892 F.2d 199, 203 (2d Cir.1989). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510; *Converse v. General Motors Corp.*, 893 F.2d 513, 514 ( [2d Cir.1990] ). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *Lane v. New York State Electric & Gas Corp.*, 18 F.3d 172, 176 (2d Cir.1994); *Rattner v. Netburn*, 930 F.2d 204 (2d Cir.1991).

■ However, mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *Western World*, 922 F.2d at 121. Although the non-moving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment, Fed. R.Civ.P. 56(c) and (e) provide that the non-moving party cannot rest on the pleadings but must set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions on file showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *United States v. Rem*, 38 F.3d 634 (2d Cir.1994).

■ Finally, when determining a motion for summary judgment, the Court is charged with the function of "issue finding", not "issue resolution." *Gallo v. Prudential Residential Servs. Ltd. Partnership*, 22 F.3d 1219, 1224 (2d Cir.1994); *Eye Assocs., P.C. v. IncomRx Sys. Ltd. Partnership*, 912 F.2d 23, 27 (2d Cir.1990).

**B. *The defendants' motion***

The plaintiff contends that her incarceration as the result of her inability to pay the $1,500 in fines constituted a violation of her due process and equal protection rights. The defendants make three arguments refuting Fahle's claims and in support of their motion for summary judgment: (1) that the plaintiff has failed to offer evidence sufficient to establish a violation of her constitutional rights, (2) that Fahle has failed to establish the existence of a municipal policy sufficient to hold the Town or Town Attorney liable for her incarceration, and (3) the Town Attorney is immune from civil suit. The Court will address the defendants' arguments in turn.

**1. *Failure to establish a claim***

■ Fahle's imprisonment was apparently imposed pursuant to New York Criminal Procedure Law ("NYCPL") § 420.10(4)(d) which provides for "a sentence of imprisonment as well as a fine." Where a defendant is unable to pay a fine through no fault of her own, and there is an adequate alternative, the constitution prohibits imposing a sentence of incarceration for failure to pay the fine. *See Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); NYCPL § 420.10, Practice Commentaries. However, if the court makes a determination after an adequate hearing that the defendant has wilfully refused to pay the fine or failed to make sufficient efforts to legally acquire the means to pay, the court may resentence the defendant to a term of imprisonment. *People v. McArdle*, 55 N.Y.2d 639, 641, 446 N.Y.S.2d 256, 257, 430 N.E.2d 1309, 1310 (1981); *People v. Montero*, 124 Misc.2d 1020, 480 N.Y.S.2d 70, 71 (2d Dept.1984).

The defendants contend that the plaintiff has failed to establish a claim because the Suffolk County District Court adequately considered alternative remedies before imposing the sentence of fifteen days incarceration. According to the defendants, several of the fines were dismissed. In addition, before her imprisonment, Fahle received six extensions of time at her request, in order to obtain the funds to pay the fines. Yet the fines were never paid.

The plaintiff contends that Judge Ohlig did not expressly find that the plaintiff wilfully failed to make the payments. Moreover, she asserts that the District Court Judge did not adequately consider alternative sentences to incarceration. By way of example, the plaintiff asserts that the District Court could have

imposed a sentence of community service, which was apparently never considered.

■ From the papers submitted to the Court, it is not possible to determine whether alternative remedies were adequately considered under *Bearden.* While the defendants' contention that the extensions of time to pay the fines indicate an effort by the court to give Fahle every opportunity to meet her obligations, the defendants do not refer to an express finding by that court with respect to alternative sentences. Accordingly, without commenting on the underlying merits of the plaintiff's claim, the Court finds that there is a material issue of fact as to whether the alternative sentences were sufficiently considered and summary judgment on this ground is denied.

2. *Failure to establish a policy in violation of the plaintiff's constitutional rights*

The defendants second argument is that Fahle's claims must be dismissed because she is unable to establish that the alleged violation of her constitutional rights was the result of a municipal policy or custom. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This contention addresses both the claims against the Town and the Town Attorney sued in his official capacity. *See Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991), citing, *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (distinguishing between suits against municipal officers in their official and individual capacities and recognizing that suits against individuals in their official capacities "should be treated as a suit against the State").

■ Section 1983 does not impose liability upon a municipality or its supervisory officials solely on the basis of respondeat superior. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037. In order to establish a municipality's liability on the basis of acts by its lower echelon employees, a violation of constitutional rights based on policy or custom must be demonstrated. *Id.* at 690, 694, 98 S.Ct. at 2035, 2037. "The inference that a [constitutionally deficient] policy exist[s] may ... be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." *Ricciuti v. New York City Transit Authority,* 941 F.2d 119, 123 (2d Cir.1991), citing, *City of Canton v. Harris,* 489 U.S. 378, 388–92, 109 S.Ct. 1197, 1204–07, 103 L.Ed.2d 412 (1989).

> To prove such deliberate indifference, the plaintiff must show that the need for more or better supervision to protect against constitutional violations was obvious ..... An obvious need may be demonstrated through proof of repeated complaints of civil rights violations; deliberate indifference may be inferred if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents.

*Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995) (citations omitted).

Fahle contends that the Assistant Town Attorney, acting at Braslow's direction, convinced the court that she should be incarcerated, and this evidenced both the defendants' failure to properly train its employees and deliberate indifference to the plaintiff's civil rights. To support her position Fahle contends that the Assistant Town Attorney, by advocating a term of imprisonment, acted in contravention of the law, as established by Judge Mitchell at the parties' November 2, 1987 hearing when he stated that a conviction for a violation of Local Law 7 does not permit imposition of a sentence of incarceration. The Court disagrees.

The plaintiff was incarcerated for fifteen days four years after she was convicted and fined for violations of Local Law 7 for permitting dog barking and harboring an excessive number of dogs. Prior to her incarceration, the plaintiff obtained six extensions of time in which to obtain funds to pay the fines. The fines were not paid. As a result, the Town Attorney's office apparently took the position that the plaintiff would never pay the fines and that a period of incarceration would be appropriate. The Suffolk County District Judge agreed.

The Court finds that these facts, even if considered in the light most favorable to the plaintiff, are insufficient to establish a policy of deliberate indifference to a citizen's civil rights sufficient to rise to the level of a constitutional violation. There is no proof that the Town Attorney's position was the result of an overarching policy or a failure to properly train the Assistant Town Attorney. Rather, the plaintiff attempts to infer a municipal policy from the handling of a single case without any other supporting evidence. The Court is unable to make such an inference. *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 822–23, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy was attributable to a municipal policymaker"); *Vann, supra* (recognizing that deliberate indifference requires repeated complaints of civil rights violations and no meaningful attempts to investigate or forestall further incidents).

As a result, the Court finds that the plaintiff is unable to demonstrate a material issue of fact as to the existence of a municipal policy which caused a violation of her constitutional rights. Accordingly, the Town and the Town Attorney are entitled to summary judgment as to the allegations against the Town and Town Attorney in his official capacity.

3. *Braslow's immunity from civil suit in his individual capacity*

The plaintiff's remaining claim is against Braslow in his individual capacity. Personal-capacity suits ... seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." [*Graham,* 473 U.S. at 166, 105 S.Ct. at 3105]. While the plaintiff in a personal-capacity suit need not establish a connection to governmental "policy or custom," officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law. *Id.,* at 166–67, 105 S.Ct. at 3105.

*Hafer,* 502 U.S. at 25, 112 S.Ct. at 362.

Braslow claims that he is immune from the plaintiff's civil suit in his individual capacity under the doctrine of qualified immunity. The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability insofar as their conduct does not violate a clearly established constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This determination generally turns on an objective standard. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The Second Circuit has interpreted *Harlow* and *Anderson* to mean that a defendant may prevail on a qualified immunity claim by demonstrating that (1) it was not clear at the time of the official acts that the interest asserted by the plaintiff was protected by the constitution or federal statute, (2) it was not clear at the time of the acts at issue that an exception did not permit those acts, or (3) it was objectively reasonable for the officer to believe that his acts did not violate the plaintiff's rights. *Robison v. Via,* 821 F.2d 913, 920–21 (2d Cir.1987); Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees 520 n. 419 (2d ed. 1991). Summary judgment may be appropriate under any of these tests if the defendant adduces sufficient facts so that a reasonable jury, looking at the evidence in the light most favorable to the plaintiff, would conclude that it was objectively reasonable for the defendant to believe that he was not violating the plaintiff's constitutional rights. *See id.* at 921.

Applying these standards, the Court finds that Braslow, in his individual capacity, is protected from Fahle's claims under the doctrine of qualified immunity. The crux of the plaintiff's claim is that Braslow could not have objectively believed that Fahle's incarceration was not in violation of her civil rights. Fahle contends that Judge Mitchell, in his comments at the hearing on November

2, 1987, stated that a defendant may not be incarcerated based on a conviction of Local Law 7. She therefore reasons that Braslow knew that advocating her incarceration violated her constitutional rights. In addition, the plaintiff contends that Braslow knew that Judge Ohlig did not consider alternatives to incarceration as discussed above, also in violation of section of 1983. Again, the Court disagrees.

This Court will not hold Braslow liable for an alleged constitutional violation as a result of Fahle's incarceration based on Judge Mitchell's comments made over four years earlier regarding his interpretation of Local Law 7. A different opinion by another District Court Judge four years later as to his interpretation of the relevant law by itself is insufficient to support a constitutional violation. A contrary holding could lead to a chilling effect on public officials seeking to expand or limit parties' rights under existing law. This Court declines to endorse such a proposition.

Fahle's contention that Braslow knew that Judge Ohlig did not consider alternatives to incarceration after she proved she was unable to pay the fines is irrelevant. As stated above, this Court finds that there is a question of material fact as to whether the Suffolk County District Court Judge sufficiently considered alternative remedies before sentencing her to 15 days in prison. Therefore, the Court finds that Braslow could objectively believe that Fahle's incarceration was not in violation of her constitutional rights. Accordingly, the defendant, Stephen Braslow's motion for summary judgment in his individual capacity is also granted.

■ As a final matter, the Court notes that the parties do not address the plaintiff's related negligence cause of action brought under state law. However, since the Court is granting the defendant's motion for summary judgment with regard to the plaintiff's federal claims, it no longer has subject matter jurisdiction over Fahle's negligence claim. While the Court is permitted to exercise supplemental jurisdiction over the plaintiff's state law claim pursuant to 28 U.S.C. § 1367, it declines to do so. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state law] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); 28 U.S.C. § 1367, Practice Commentary; *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966); *Town of West Hartford v. Operation Rescue,* 915 F.2d 92, 104 (2d Cir.1990). Accordingly, the plaintiff's remaining state law negligence claim is dismissed.

### III. Conclusion

After reviewing the submissions of both parties, and for the reasons set forth above, it is hereby

ORDERED, that the defendants' motion for summary judgment in their favor pursuant to Fed.R.Civ.P. 56 is granted and the complaint is dismissed in its entirety; and it is further

ORDERED, that the Clerk of the Court close this case.

SO ORDERED.